IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SAHAR SIDDIQUI** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. |
| vs. | § | |
| | § | |
| **SAM'S EAST, INC.,** | § | |
| **WAL-MART STORES, INC.** | § | **TRIAL BY JURY DEMANDED** |
| Defendants | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

SAHAR SIDDIQUI, (hereinafter "Plaintiff"), files this Complaint against SAM'S EAST, INC., and WAL-MART STORES, INC. (hereinafter "Defendants") and for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains about sex discrimination and pregnancy discrimination under the Pregnancy Discrimination Act and Title VII of the Civil Rights Act of 1964 (Title VII), as amended.

3. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney fees, taxable court costs, pre-judgment and post-judgment interest.

## PARTIES

4. Plaintiff, SAHAR SIDDIQUI, is a resident of Harris County, Texas.

5. Defendant SAM'S EAST, INC. is a corporation authorized to do business in the state of Texas and incorporated in Arkansas, at 702 SW 8th Street, Bentonville AR 72716. Process may be served upon its Registered Agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

6. Defendant WAL-MART STORES, INC. is a corporation authorized to do business in the state of Texas and incorporated in Arkansas, at 702 SW 8th Street, Bentonville AR 72716. Process may be served upon its Registered Agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

## VENUE

7. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, in that the Defendants can be said to reside and/or do business in this district as required under 28 U.S.C. §§ 1391(a)(1), and (c). Alternatively, venue is appropriate because a substantial part of the events or omissions giving rise to the claim occurred here. See 28 U.S.C § 1391(a) (2).

## JURISDICTION

8. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) under Title VII, as amended for employment discrimination and retaliation on the basis of sex.

9. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

10. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a right-to-sue letter from said agency to pursue her claims.

11. Plaintiff filed an Amended Charge of Discrimination against Defendant with the EEOC on or about October 6, 2015.

12. On February 26, 2016, the EEOC issued Plaintiff a Notice of Right to Sue letter entitling her to file suit on her claims of discrimination based on retaliation.

13. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## FACTS

On information and belief, Plaintiff alleges the following facts:

14. Plaintiff began working for Defendants on July 24, 2014 as a Cashier at Defendants' Store # 6867, in Richmond, Texas

15. Plaintiff is female.

16. At Store # 6867, the Store Manager was Ms. Valerie Anderson

17. In December, 2014 Plaintiff transferred to a Gas Station Attendant position.

18. Plaintiff, at all applicable times performed her job duties as a Gas Station Attendant in a competent and professional manner.

19. Plaintiff's routine job duties included strenuous physical activity, lifting heavy objects and exposure to both extreme heat and concentrations of gasoline fumes.

20. In early 2015, Plaintiff became pregnant.

21. Plaintiff requested that Defendants provide reasonable accommodations to her based upon her pregnancy. with regard to some of the more strenuous physical job duties at the worksite.

22. Despite Plaintiff's requests, Defendants did not provide any job accommodations to Plaintiff

23. Plaintiff was repeatedly questioned by Defendants' managers regarding the due date of Plaintiff's baby, as well as pointed inquiries whether Plaintiff would return to work after maternity leave.

24. On September 23, 2015, Plaintiff was berated by Defendants' Regional Manager Jennifer Noska because Plaintiff was not wearing a reflective safety vest.

25. Plaintiff explained to Ms. Noska that the safety vest she had been issued did not fit comfortably, because of her pregnancy.

26. On September 25, 2015, two days after Plaintiff was berated by Ms. Noska, Defendants terminated Plaintiff's employment.

.

## COUNT I

## EMPLOYMENT DISCRIMINATION BASED UPON SEX/PREGNANCY

27. Plaintiff re-alleges and incorporates into Count I .paragraphs 13-25

28. Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the Pregnancy Discrimination Act and Title VII of the Civil Rights Act of 1964 because of their refusal to provide requested reasonable accommodation to Plaintiff job duties , based upon Plaintiff's pregnancy.

29. Defendants, acting by and through their employees, maintained a policy of noncompliance, in violation of the foregoing statutes against Plaintiff.

.

## COUNT II

### TERMINATION OF EMPLOYMENT BASED UPON SEX /PREGNANCY

30. Plaintiff re-alleges and incorporates into Count I .paragraphs 13-28

31. Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by the Pregnancy Discrimination Act and Title VII because of their termination of Plaintiff's employment with Defendant, based upon Plaintiff's pregnancy.

32. Defendants, acting by and through their employees, maintained a policy of noncompliance, in violation of the foregoing statute against Plaintiff.

## DAMAGES

33.  As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including, but not limited to unreimbursed medical bills and emotional distress.

### EXEMPLARY DAMAGES

34.  Defendants' actions were intentional, willful, harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered severe financial damages. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

### ATTORNEY'S FEES

35.  Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE and ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

### JURY DEMAND

36.  Plaintiff hereby makes her request for a jury trial.

### PRAYER

37. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

   a. Back Pay;

   b. Pre-Judgment Interest on Back Pay;

   c. Front Pay;

   d. Compensatory Damages, including but not limited to damages for diminished salary expectations; unreimbursed medical expenses and emotional distress;

   e. Punitive Damages;

   f. Injunctive and Affirmative Relief;

   g. Attorney's Fees and Costs;

   h. Such other and further relief, at law or in equity, general or special to which Plaintiff may show she is justly entitled.

May 26, 2016

Respectfully submitted,

*/s/ John C. Lipps*
John C. Lipps
TX Bar #00793134
Federal Bar#246689
Email: john.lipps@coane.com
Bruce A. Coane
TX Bar #04423600
S.D. TX #7205
Email: bruce.coane@gmail.com
**Coane and Associates, PLLC**
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528
**Attorneys for Plaintiff**